**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20071**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILLIAM GEORGE LAKE,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-5252/CR No. H-93-50

_____

August 7, 1996

Before JONES, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

William George Lake, # 60517-079, appeals the summary dismissal of his 28 U.S.C. § 2255 motion to vacate his sentences for being an alien in possession of a firearm and being a convicted felon in possession of a firearm. Lake argues his conviction was obtained in violation of his Fourth, Fifth, and Sixth Amendmenbt

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

rights.  We have reviewed the record and the briefs and find no merit in Lake's motion.

Lake's claims that the search of his house was unlawful and that the statement he gave at the Orange County jail was involuntary were waived by his unconditional plea of guilty.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

As to Lake's Sixth Amendment claims, to obtain § 2255 relief based on ineffective assistance of counsel, a defendant must show not only that his attorney's performance was deficient, but that the deficiencies prejudiced the defense.  *United States v. Smith*, 915 F.2d 959, 963 (5th Cir. 1990).  Nugent was not deficient for failing to object to the propriety of the search; such an objection would have proven futile since, contrary to Lake's assertions, the record demonstrates that the search was authorized by a valid warrant.  Even if Lake had shown that Kimborough's performance was deficient for allowing the interview with the ATGF agent and that Nugent's performance was deficient for not pursuing the motion to suppress the resulting statement, Lake cannot demonstrate prejudice because, again, even without the statement,

there was sufficient evidence of possession of firearms resulting from the search of the house to convict Lake on the alien-in-possession and the felon-in-possession counts, while the machine gun possession charge, apparently the main topic of the statement, was dismissed. Lake cannot demonstrate a reasonable probability that, but for Kimbrough's alleged error in allowing the interview and Nugent's alleged errors in failing to challenge the validity of the statement, he would have not pleaded guilty, but would have gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). Lake's other allegations concerning his attorneys' actions are conclusional allegations which do not merit habeas relief. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

Lake argues finally that the district court should have granted him an evidentiary hearing. The opportunity for an evidentiary hearing in a habeas corpus proceeding is mandatory only where there is a factual dispute which, if resolved in the petitioner's favor, would entitle the petition to relief. *East v. Scott*, 55 F.3d 996, 1000, 1002 (1995). Lake has shown no such genuine issue of fact.

Lake's motion for leave to file an out-of-time reply brief is **GRANTED**. Because Lake's appeal lacks merit, the interests of justice do not require the appointment of counsel. The motion for appointment of counsel is **DENIED**. The judgment of the district court is **AFFIRMED**.

3